UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CECIL EUGENE SHAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS GERA, et al.,<br><br>　　　　Defendants. | Case No. 5:18-cv-06765-EJD<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 34 |

In 2016, Plaintiff pursued an action against Defendants for violations of the Americans with Disabilities Act of 1990 ("ADA"). The parties settled the claims in a 2016 settlement agreement. Two years later, Plaintiff brought an action pursuing the same claims covered by, and released in, this agreement. Defendant Flights Restaurant[1] ("Defendant") argues that because the settlement agreement precluded this litigation, Defendant is entitled to an award of attorneys' fees. Defendant Flights Memorandum of Points and Authorities ("Mot. Atty Fees"), Dkt. 35. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendant's motion for attorneys' fees is **GRANTED.**

I.　　**BACKGROUND**

On July 7, 2016, Plaintiff filed a suit against Defendants seeking injunctive relief under the ADA and monetary damages under California's Unruh Civil Rights Act ("Unruh"). *See* Request for Judicial Notice ("RJN"), Ex. A at 1, Dkt. 36. Plaintiff alleged a number of ADA violations

---

[1] Only Defendant Flights brings this motion, Defendants Nicholas and Sueanne Gera are not included.

Case No.: 5:18-cv-06765-EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES
1

involving the parking spaces, paths of travel, dining tables, and restrooms at the Hult's Restaurant located at 165 Los Gatos Saratoga Road. *Id.*, Ex. A at 3–6. The suit named Nicholas Gera, Sueanne Gera, and Hult's LLC as Defendants. *Id.*, Ex. A at 1. Alexander Hult owned and operated the Hult's Restaurant and was joined as a cross-defendant by the Geras. *Id.*, Ex. E at 2.

On November 2016, Plaintiff entered into a settlement agreement with Nicholas Gera, Sueanne Gera, and Hult's LLC, which waived and released any claims related to barriers to access at 165 Los Gatos Saratoga Road. Dkt. 18-1, Ex. A at 2. Defendants were released "from any and all claims, potential claims, demands, and cause or causes of action reflected in the Lawsuit, and any other claims, demands, or causes of action which may have arisen from the same or similar operative facts as those alleged in the Lawsuit." *Id.* at 2. The agreement stated it is "binding upon and shall inure to the benefit of the Parties hereto, their respective agents, attorneys, employees, representatives, officers, directors, divisions, subsidiaries, affiliates, tenants, assigns, heirs, spouses, sons, daughters, predecessors, dealers, franchisees, successors in interest and shareholders." *Id.* at 5. Following a joint stipulation for dismissal with prejudice, the case was dismissed with prejudice on December 7, 2016. RJN, Ex. F at 2.

Nonetheless, two years later, on November 8, 2018, Plaintiff filed this action against the same Defendants (Nicholas and Sueanne Gera and Flights Restaurant Los Gatos, Inc.[2]): a lawsuit seeking injunctive relief under the ADA and penalties under Unruh. *See* Complaint for Damages and Injunctive Relief, Dkt. 1 ("Compl."). The Complaint involves the same property (165 Los Gatos Saratoga Road) and alleges the same parking, paths of travel and dining table violations. *Id.* at 6–9. Alexander Hult, who still owns the restaurant, was again joined as a cross-defendant by the landlords. Cross Claim for Express Indemnity, Dkt. 8. The posture of this 2018 action is thus identical to the 2016 action.

Following the filing of the 2018 lawsuit, on March 20, 2019, Defendant's counsel emailed Plaintiff's counsel, Ms. Amanda Seabock, to point out that "[Flights] may have been sued in

---

[2] At this point, "Hult's Restaurant" changed names to "Flights Restaurant." *Id.* at 1.

Case No.: 5:18-cv-06765-EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES
2

error" because the issues in the case had already been settled in November 2016. Declaration of Isabella L. Shin in Support of Defendant's Motion for Attorneys' Fees ("Shin Decl.") ¶ 6, Ex. A, Dkt. 34-1. Defendant's counsel forwarded a copy of the Settlement Agreement to Plaintiff's counsel (the same counsel who represented Plaintiff in 2016 and drafted the Settlement Agreement), which Plaintiff's counsel acknowledged receiving. *Id.*, Ex. B. Plaintiff's counsel responded that the settlement agreement was inapplicable because: (1) the parking space was not ADA compliant as required under the settlement agreement and (2) the Restaurant's change of names. *Id.*

Despite Defendant's res judicata objections, Plaintiff filed a Motion for Administrative Relief Requiring Defendants to Provide Dates of Availability for a Joint Site Inspection. Shin Decl. ¶ 8; *see also* Administrative Motion, Dkt. 17. Defendant then filed a motion for administrative relief from the scheduling order arguing that the case was barred by res judicata. Administrative Motion for Relief, Dkt. 18. Following that motion, this Court stayed the case on April 8, 2019 and directed Defendant to file a motion to dismiss. Order, Dkt. 23. Defendant filed a motion to dismiss. Motion to Dismiss ("MTD"), Dkt. 27. Plaintiff failed to file any opposition to this motion and this Court issued an Order to Show Cause. *See* Order to Show Cause, Dkt. 29. In response, Plaintiff filed a notice of Non-Opposition. *See* Dkt. 30. Plaintiff's counsel "determined that while it appeared there are still barriers to access presently at the property, *the 2016 settlement agreement may prevent Plaintiff from seeking remediation of those barriers.*" Declaration of Chris Carson in Response to Order to Show Cause ("Carson Decl.") ¶ 5, Dkt. 31 (emphasis added). This Court thus dismissed the case on June 3, 2019. Order Granting Defendants' Motion to Dismiss, Dkt. 33. Defendant now argues, based on this history, that because Plaintiff's 2018 lawsuit was meritless, Defendant is entitled to reasonable attorneys' fees.

## II. JUDICIAL NOTICE

Defendant asks this Court to take judicial notice of eleven documents, which relate to its motion for attorneys' fees. RJN at 1–3. Plaintiff does not object to this request. *See generally* Request to Late File Opposition ("Opp."), Dkt. 37.

Case No.: 5:18-cv-06765-EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES
3

### A. Legal Standard

A court may take judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Rule 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### B. Discussion

The eleven requests are either filed with the California Secretary of State or are court filings. These requests pertain to publicly available documents, not subject to reasonable dispute, whose accuracy cannot be questioned. *See Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) ("Publically accessible websites and news articles are proper subjects of judicial notice." (citation omitted)); *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2008). Accordingly, Defendant's request for judicial notice is **GRANTED.**

## III. MOTION FOR ATTORNEYS' FEES

### A. Legal Standard

The ADA allows the court to award reasonable attorney's fees to the prevailing party. 42 U.S.C. § 12205. "Attorney's fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). An action is frivolous if it lacks an arguable basis in law or fact; it need not be brought in bad faith. *Peters v. Winco Foods, Inc.*, 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004); *see also Tutor-Saliba Corp. v. City of Hailey*, 453 F.3d 1055, 1060 (9th Cir. 2006) (noting that complaint is frivolous if lacks a colorable legal or factual basis for each claim). This rule is meant to "deter the bringing of lawsuits without foundation," "discourage frivolous suits," and "diminish the likelihood of unjustified suits being brought."

*Christiansburg Garment Co.*, 434 U.S. at 700 (discussing provision of attorneys' fees to defendants in Title II cases).

### B. Discussion

As an initial matter, Plaintiff did not file an opposition to Defendant's motion within the appropriate amount of time. Opp. at 1. Pursuant to Local Rule 7-3(a), an opposition "must be filed and served not more than 14 days after the motion was filed." N.D. Cal. Civ. L.R. 7-3(a). If a party cannot meet this deadline, parties may either stipulate to extend the time to respond or file a motion requesting an enlargement of time. *Id.* 6-1; *see also id.* 6-3 (stating the requirements for filing a motion to enlarge time). Plaintiff was late filing its Opposition. Further, when Plaintiff did file the opposition, it failed to properly follow the procedure required under Local Rule 6-3. *See* Defendant Flights Restaurant's Reply in Support of its Motion for Attorney's Fees ("Reply") at 2–3, Dkt. 38. Accordingly, because Plaintiff did not follow the Local Rules and seek proper leave to file a late opposition, this Court will not consider Plaintiff's opposition.

Next, there were no colorable legal grounds for Plaintiff to bring this action because it was legally barred by the 2016 settlement agreement. *See Peters*, 320 F. Supp. 2d at 1037. Plaintiff argued in an email to defense counsel that two grounds supported the suit: the restaurant's change in name and the lack of remediation of the parking space. *See* Shin Decl., Ex. B.

First, the terms of the agreement "inure to the benefit" of successors in interest; thus, it is irrelevant that the name of the restaurant changed. *See* RJN ¶ 8, Ex. H (California Secretary of State Records showing that restaurant name converted from Hult's LLC to Flights Restaurant). A cursory review of the history of the restaurant would have clarified that Flights is a successor in interest to Hult's and that Alexander Hult, a party to the settlement agreement, continues to own and operate the restaurant. Indeed, Defendant's counsel raised the issue with Plaintiff's counsel. *See* Mot. Atty Fees at 5; Shin Decl. Ex. B. Instead of assessing the restaurant's history to see if the claims were barred by the settlement agreement, Plaintiff's counsel continued to insist on litigating the matter. *Cf.* Federal. R. Civ. P. 11 (b)(3) (duty to investigate that claims have evidentiary support or are likely to after reasonable discovery). Moreover, although the name of

Case No.: 5:18-cv-06765-EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES
5

the restaurant changed, the physical structure of the restaurant was not remodeled, meaning the claims at hand arise out of the same issues as the 2016 suit. Thus, because Flights is both a successor in interest to Hult's and essentially the same restaurant, the change in name was not a valid legal ground to bring the action.

Second, the lack of remediation is not a viable legal ground to bring this action. Defendant Hult "remediated the property pursuant to Plaintiff's request and even contracted with the City of Los Gatos to provide an accessible parking space directly in front of the restaurant." MTD at 3. Further, to the extent that Defendant improperly remediated the parking space, the proper remedy is to sue for breach of the settlement agreement. MTD at 7 ("If Plaintiff truly visited the property in 2018 and believes that the parking lot remediations are not compliant, his only recourse was to file a claim for breach of contract under the settlement agreement."). The agreement, by its terms, forecloses the suit at hand because both focus on the same issue of inaccessible parking: Plaintiff cannot sue Defendant for claims arising from "the same or similar operative facts" as those alleged in the 2016 lawsuit.

The instant lawsuit is precisely the type of suit the settlement agreement was meant to prevent. Plaintiff did not allege new violations of the ADA in the 2018 Complaint; instead, the 2016 and 2018 Complaints are nearly identical. *Compare* RJN Ex. A, *with* Compl. When Plaintiff's counsel was informed of this, counsel insisted on continuing to litigate the case, forcing Defendant to bring several motions to halt the litigation process and be heard on its Motion to Dismiss. *Cf. Christiansburg Garment Co.*, 434 U.S. at 421 (stating that bad faith in bringing suit not required). After all this, Plaintiff ultimately did not oppose the motion to dismiss; instead, he recognized that the settlement agreement likely barred the action. Dkt. 30; Carson Decl. ¶ 5. Accordingly, because Plaintiff had no legal basis to initiate this suit (and continued to litigate the case after learning of the lack of legal grounds to bring the case), the action was frivolous, and Defendant is entitled to reasonable attorneys' fees.

Case No.: 5:18-cv-06765-EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES
6

## IV. COMPUTATION OF ATTORNEYS' FEES

### A. Legal Standard

When determining the reasonableness of a request for attorneys' fees, the court first multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Id.* The court should exclude hours that were not "reasonably expended"—hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434.

The the computation of reasonable fees, *i.e.* the "lodestar method," is the first step. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The "lodestar figure" is presumptively reasonable. *Id.* Next, the court may adjust the lodestar figure up or down based on a variety of factors. *Id.* at 1209 & n.11 (citing the twelve "*Kerr* Factors").

### B. Discussion

In order to determine attorneys' fees, this Court must first determine (1) if defense counsel spent a reasonable number of hours on the case and (2) if their hourly rate was reasonable. *Id.* at 1202.

1. Reasonable Number of Hours

A reasonable number of hours is the "number of hours . . . [which] could reasonably have been billed to a private client." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (alteration in original). The court should begin with the billing record the prevailing party has submitted; entries that are "excessive, redundant, or otherwise unnecessary" should be excluded. *Id.* at 1203.

Here, defense counsel spent 26.2 hours defending this suit, starting on November 18, 2018 when the suit was filed, until it was dismissed on June 3, 2019. Mot. Atty Fees at 7. Notably, before incurring costs, defense counsel repeatedly attempted to confer with Plaintiff before litigating the merits of the case. Further, once counsel started litigating the case, they only did as

much as necessary to show the Court why the action should be dismissed. The hours claimed are accompanied by detailed explanations of the work done. The Court does not find any of the entries to be excessive, redundant, or unnecessary. Accordingly, the hours claimed are reasonable.

2. Reasonable Hourly Rate

The court must next determine a reasonable hourly rate to use for attorneys in computing the lodestar amount. *Id.* at 1205. The "prevailing market rates in the relevant community for similar work performed by attorneys of comparable skill, experience and reputation" set the reasonable hourly rate for purposes of computing the lodestar amount. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986) The relevant community is the "forum in which the district court sits." *Gonzalez*, 729 F.3d at 1205. Affidavits of "attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Christine Long and Isabella Shin are Defendant's counsel. Ms. Long is a partner at Berliner Cohen who has extensive experience litigating ADA claims (over 20 years) and has opposed the Center for Disability Access before. Shin. Decl. ¶ 10; Mot. Atty Fees at 6. She billed $495 per hour and recorded 4.7 hours of work. *Id.* Her fee totals $2,326.5. *Id.* Ms. Shin has practiced for over 6 year, specializes in ADA defense litigation, and has also previously defended against the Center for Disability Access. *Id.* She recorded 21.5 hours of work at $305 per hour on this case. *Id.* Her fee totals $6,557.5. *Id.*

This district has awarded hourly rates of $305 per hour for lawyers with at least five years of experience and $425 for lawyers with at least twenty years of experience. *See Arroyo v. Aldabashi*, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018) (awarding rate of $305/hour for lawyers with at least five years of experience when case was filed); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) ("In the Bay Area, "reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240."). Thus, the rates claimed by Ms. Long and Ms. Shin

Case No.: 5:18-cv-06765-EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES
8

are reasonable as compared to the prevailing rates in the community for similar work performed by attorneys of comparable skill, experience, and reputation.

   3. Appropriate Amount of Fees

Defendant asks for $9,404.05 for prevailing in this matter and $2,241.75 for bringing this motion, for a total of $11,645.80. Mot. Atty Fees at 8. The Court does not understand the $9,404.05 calculation: as detailed above, Ms. Long's fees total $2,326.5. Shin. Decl. ¶ 10; Mot. Atty Fees at 6. Ms. Shin's fees total $6,557.5. *Id.* That total is $8,884.00. Because the $520.05 discrepancy between the figures is not explained (although it seems to be due to late fees), the Court will not award counsel the full amount it requests. Accordingly, the prevailing fee request is **GRANTED**, but only for $8,884.00 in fees.

Second, Ms. Shin asks for $2,241.75 (305 x 7.35) in fees for bringing this motion. This Court has already determined her rate of $305 per hour is reasonable based on the community market rate and her experience and skill. She states she spent 7.35 hours in preparing the Motion for Attorney's Fees, which included an initial motion, requests for judicial notice, declarations, and a reply. Shin Decl. ¶ 12. Considering all the work required in bringing such a motion, 7.35 hours is reasonable. Accordingly, the request for fees associated with bringing this motion is **GRANTED**.

## V. CONCLUSION

The request for fees is **GRANTED.** Defendant shall receive $8,884.00 in prevailing party fees and $2,241.75 for fees associated with bringing this motion. Accordingly, Defendant is awarded **$11,125.75** in fees.

**IT IS SO ORDERED.**

Dated: October 7, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-06765-EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES
9